McFarland, J.,
delivered the opinion of the court.
The question in this case is, Who has priority of lien upon certain real estate in Memphis, as the property of Wm. O. Lofland?
*542 The contest is between Wm. Coward, who claims under a deed of trust executed by Lofland, and Wm. Culver, or his assignee, Stone, who claims by virtue of a judgment and the levy of an execution.
The property was conveyed by Benjamin Walker, Jacob Walker, and William Walker, to Wm. O. Lof-land, by deed dated the 23d of June, 1863, proved for registration on the 14th of June, 1866, and noted for registration upon the same day.
This deed recites that the sale was partly on time, the deferred payments being evidenced by notes, which are described in the deed; and that Lofland, on the same day, conveyed the same land to G. H. Judah, in trust to secure these notes: and the deed declares that the land shall be bound for these notes.
This deed of trust was never registered.
On the 26th of June, 1866, Lofland conveyed the land, by deed, to Sam’l H. Coward, as trustee, to secure a debt to Wm. Coward. This deed was, on the same day, duly proved and registered.
Lofland paid off the notes to the Walkers from time to time, making the last payment on the 27th of June, 1866. ’
Coward’s debt remained Unsatisfied.
On the 23d of September, 1864, W. E. Culver obtained a judgment against Lofland in the Circuit Court of Shelby County, in which Lofland resided, on which judgment an alias execution issued, which was levied upon the land on the 19th of March, 1867, but the sale was stopped by Coward’s bill.
*543 Upon these facts, the question arises as to which is the superior lien.
The Chancellor was of opinion that Coward held the superior lien under his deed of trust; and in this we concur with him very fully.
If Culver acquired a lien under his judgment, it attached on the 23d of June, 1863, the day when Lofland acquired the title by the deed from the Walkers: the title thus conveyed to Lofland- was sufficient for the lien to attach to.
The land might then have been levied upon and sold: it does not matter that the deed was not then registered. See Vance v. McNairy, 3 Yer., 176; Shields v. Mitchell, 10 Yer., 1; Simmons v. McKissick, 6 Hum., 260.
If this be true, it must be conceded that Culver’s lien was lost by the lapse of time.
The deed of trust to G. H. Judah, trustee, never having been registered, was, as to .Culver, void by the express provision of the registration laws: and, therefore, as to him, the 'legal title was not conveyed to the trustee, but remained with Lofland.
It is true, that, by the reservation of the deed of the Walkers to Lofland, the .Walkers had a lien for their purchase money, which was superior to the .judgment lien of Culver; but still, the deed of trust being void as to Culver, the title was in Lofland, and the lien of Culver’s judgment attached, subject to Walker’s lien reserved in his deed.
Culver had the right to treat the deed of trust to Judah, referred to in the deed of the Walkers to *544 Lofland, as void, although he had actual notice of it.
Creditors are not affected by actual notice of unregistered deeds.
And land held by an unregistered deed may be levied on and sold.
It is argued, that the lien of Culver did not attach until the day when the deed of the Walkers to Lofland was registered, — the 14th of June, 1866,— that the deed- was not delivered until that day
We find no question made in the pleadings as to the delivery. From the statements there, and from the deed itself, which was subsequently proved and registered, we are left to the presumption of law, that the deed was delivered on the day it bears date,— the day the pleadings aver it was executed.
There is nothing in the record upon which any question as to this can arise.
It is next argued, that if the deed from Walker to Lofland was delivered at its date, then, as part of the same transaction, the title was conveyed by Lofland to the trustee, Judah: so that the title did not rest in Lofland long enough for the lien of the judgment to attach.
Upon the assumption that both the deed and the deed .of trust are to be regarded as operative, this would probably be so, upon the authority of Huffaker v. Bowman, 4 Sneed, 89; but if the deed of trust is to be regarded as void as to the creditor, Culver, for want of registration, then this result would not follow.
But assuming for the argument that, under the re- *545 citáis of the deed of the Walkers, the title was re-conveyed by the same transaction to the trustee, Judah, then the result would be that Judah held the title until the debt secured by the deed of trust was satisfied. This was done on the 27th of June, 1866, the last payment being made on that day: but, on the day previous, the 26th of June, 1866, Lofland made the deed of trust to Coward, which was on the same day registered; so that when the deed of trust was satisfied, on the 27th of June, 1866, whereby the title was restored to Loflaud, then it immediately passed, by the operation of Lolland’s warranty in his deed to Coward of tbe previous day; so that, in this view, the lien of Culver’s judgment never attached at any time.
If the deed of trust to Judah was void for want of registration, as the argument for Culver, in one aspect, assumes, then the result is that Culver’s right to. levy- on and sell the land accrued on the 23d of June, 1863; and not on the 14th of June,- 1866,— the day when the deed of the Walkers to Lofland was registered.
On the other hand, if the deed of trust to Judah was an obstacle in the way of Culver, it continued so until the debt was satisfied, on the 27th of June,. 1866, before which time Lofland bad conveyed to Coward.
We have considered the very elaborate and able argument submitted in behalf of Culver’s lien, but deem it unnecessary to review it in ihis opinion, or to discuss the authorities referred to.
*546 We hold, upon the facts of this case, about which there is no dispute, that Coward’s claim, under his deed of trust, must prevail over the claim founded upon Culver’s judgment; and the decree of the Chancellor to this effect will be affirmed.
The questions are to be determined upon the statements in the record, and the parties are not held bound by an erroneous assumption of a legal position, as the argument for the defendant assumes.
Decree affirmed, with costs.